**IN THE COURT OF APPEALS OF IOWA**

No. 17-0120
Filed March 22, 2017

**IN THE INTEREST OF N.C. and D.C.,**
**Minor children,**

**D.C., Father,**
    Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Colin J. Witt, District

Associate Judge.


        A father appeals the termination of his parental rights to his children.

**AFFIRMED.**


        Seth J. Harrington of Harrington Law Office, Clive, for appellant father.

        Thomas J. Miller, Attorney General, and Tabitha J. Gardner, Assistant

Attorney General, for appellee State.

        Erin M. Hardisty of Youth Law Center, Des Moines, guardian ad litem for

minor children.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

A father appeals the termination of his parental rights to his children. He claims the State failed to prove the grounds for termination and termination is contrary to the children's best interests. Upon our de novo review, s*ee In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we affirm the order terminating the father's parental rights.

N.C. and D.C. were removed from their parents' care and placed with a relative after it was discovered that the parents had been caring for the children while under the influence of methamphetamine. Both parents had a long history of methamphetamine use, which they continued to use for many months after the children's adjudication as in need of assistance despite being recommended and offered services to diminish their drug dependency. The father entered in-patient substance abuse treatment in October 2016. He was successfully discharged in December 2016, but he failed to participate in aftercare treatment after his discharge and only visited the children a handful of times in November and December 2016, following a six-month absence from their lives.

In a January 2017 order, the juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(d) and (h) (2016).[1] We need only find termination proper on one ground to affirm. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). Parental rights may be terminated under Iowa Code section 232.116(1)(h) where:

> (1) The child[ren are] three years of age or younger.

---

[1] The court also terminated the mother's parental rights, which are not at issue in this appeal.

(2) The child[ren have] been adjudicated [children] in need of assistance pursuant to section 232.96.

(3) The child[ren have] been removed from the physical custody of the child[ren]'s parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child[ren] cannot be returned to the custody of the child[ren]'s parents as provided in section 232.102 at the present time.

There is no dispute the first three elements were proved.

With regard to the final requirement, the showing the children cannot be returned to the parent "at the present time" means "at the time of the termination hearing." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). At the time of the termination hearing here, the father had not progressed beyond supervised visits with the children. He was unemployed and living in his grandmother's home. Although he had completed in-patient substance abuse treatment, he failed to follow through with aftercare treatment. The father's ten-year history of methamphetamine use dwarfed the short period of sobriety he had demonstrated.

The father argues he should receive additional time to prove his ability to have the children returned to his care. The court may continue an out-of-home placement for an additional six months provided its order "enumerate[s] the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). The juvenile court declined to grant the father six additional months, noting the children had been placed out of the home for ten months at the time of termination, the father continued to use

methamphetamines for the majority of that time, and the father had not done enough to demonstrate a commitment to sobriety sufficient to enable the court to determine he would be able to maintain it.

We agree the record does not provide a basis for finding the need for the children's removal will no longer exist in six months if permanency were to be delayed. *See In re Kester*, 228 N.W.2d 107, 110-11 (Iowa 1975) (refusing to "gamble with the children's future" or force the children to "await their [parent]'s maturity" where the parent's history shows "good intentions, but feeble resistance to temptation and wrongdoing"); *see also A.M.*, 843 N.W.2d at 112 (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home). Furthermore, we view termination proceedings with a sense of urgency once the time period for termination specified in section 232.116(1) has passed; "[t]ime is a critical element." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). That is because once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children." *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989). As we have stated numerous times, children are not equipped with pause buttons. *See In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems.").

Once we determine the statutory grounds for termination exist, we must determine whether termination is in the children's best interest. *See A.M.*, 843 N.W.2d at 112. In determining the children's best interests, we give primary consideration to their safety, to the best placement to further their long-term nurturing and growth, and to their physical, mental, and emotional conditions and needs. *See id.*

Delaying permanency is not in these children's best interests. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home"); *In re A.C.*, 415 N.W.2d 609, 613-14 (Iowa 1987) (noting it is important to fix child custody quickly to avoid parentless limbo and holding that once the statutory time limits for termination have been met, it is unnecessary to take any more from the children's future). N.C.'s therapist observed that N.C. was demonstrating "an uncommonly high level of anxiety," noting N.C. was "unusually concerned about having predictability," noting that N.C. "constantly seeks reassurance about what is going to happen . . . on each day of the week," and spent more time "structuring" the toys and games played with during therapy sessions than "actually playing with the toys." N.C.'s therapist stated she could not "say with 100% assurance that [N.C.]'s anxious behaviors are being caused by the uncertainty of [N.C.'s] situation and the shuffling around [N.C.] has withstood" but opined the "lack of permanency is the greatest contributor to [N.C.]'s anxiety."

Additionally, the father seeks to avoid termination of his parental rights by noting the children are currently in a placement with a relative. *See* Iowa Code

§ 232.116(3)(a) ("The court need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child."). The Iowa Department of Human Services has legal custody of the children, not the relative. Therefore, section 232.116(3)(a) does not apply. *See A.M.*, 843 N.W.2d at 113 ("Although section 232.116(3)(a) allows the juvenile court not to terminate when a 'relative has legal custody of the child,' Iowa Code § 232.116(3)(a), A.M. is not in the legal custody of her grandparents.").

Because there is clear and convincing evidence for terminating the father's parental rights pursuant to section 232.116(1)(h) and termination is in the children's best interests, we affirm the termination of the father's parental rights.

**AFFIRMED.**